IN THE COURT OF APPEALS OF TENNESSEE
EASTERN SECTION

FILED

July 25, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

GINGER REED and DAVID REED,      ) C/A NO. 03A01-9703-CV-00075
                                 )
        Plaintiffs-Appellees,    ) BLOUNT CIRCUIT
                                 )
v.                               ) HON. W. DALE YOUNG,
                                 ) JUDGE
ROSIE L. CLARK REED,             )
                                 ) AFFIRMED AND
        Defendant-Appellant.     ) REMANDED


R0BERT N. GODDARD, GODDARD & GAMBLE, Maryville, for Plaintiffs-Appellees.

DUNCAN V. CRAWFORD and STEPHEN S. OGLE, CRAWFORD, CRAWFORD & NEWTON, Maryville, for Defendant-Appellant.


**O P I N I O N**


Franks. J.


In this action, the Trial Court on stipulations of fact entered judgment against defendant, for proceeds paid to the defendant on a life insurance policy. Defendant has appealed.

The genesis of this dispute is a property settlement agreement entered by the deceased Lowell Kenneth Reed and his wife, Carolyn Margaret Wehunt Reed, as a part of their 1978 divorce decree.

That agreement reads in part:

It is agreed to by the Party of the Second Part [Kenneth Reed] that any and all life insurance policies obtained by the Party of the Second Part through any source, as of the date of filing the Complaint for Absolute Divorce, September 8, 1978, shall be maintained in full force and effect, without any encumbrances thereon, and the premium shall be maintained by the Party of the Second Part. It is further agreed that the designated beneficiaries as of said date, September 8, 1978, shall remain

as of said date, unless and until the Party of the First Part [Carolyn Reed] remarries, then, in such event, the Party of the First Part shall be removed as designated beneficiary on such insurance policies and substituted thereon shall be the children of the parties, each to share equally;   (Emphasis added.)

The Reeds had three children: Bobby Lon Reed, Ginger Gayle Reed, and David Lee Reed. The life insurance policy in effect at the time of the divorce was for $162,000.00. Mrs. Reed was the first beneficiary and second beneficiaries were the children. Mrs. Reed remarried in 1984 and Kenneth Reed remarried in 1991. In 1992, he changed the beneficiaries on his life insurance to give his second wife, defendant Rosie Clark Reed, a 75% share of the insurance proceeds and his son Bobby a 25% share. The proceeds were distributed in this manner upon his death in 1993.

Plaintiffs are the two children who were not made beneficiaries. In previous litigation, they filed suit against their father's estate and won a judgment in probate court for two thirds of the insurance benefits, i.e., $107,840.00. *Estate of Lowell Kenneth Reed v. Reed*, 1995 WL 614180 (Tenn. App. 1995). Prior to the filing of this claim, defendant was not aware of the provisions of the divorce decree and did not know that it required her husband to name his children as beneficiaries of his life insurance.

Due to the insolvency of the estate, plaintiffs filed this claim in Circuit Court, seeking to collect the money from defendant.

The Trial Court ordered judgment against defendant, and imposed a constructive trust on the proceeds of the life insurance policy. The judgment provided for the sum of $107,840.00 plus pre-judgment interest. To prevent a double recovery, defendant is entitled to credit on the judgment for any money collected by plaintiffs from the estate of their father.

The prior litigation resulted in a judgment against the estate for the

2

proceeds owed to plaintiffs as the proper beneficiaries of the policy. The issue in this action is whether the proceeds of the life policy can be collected from defendant. This is a question of law and the standard of review is *de novo* with no presumption of correctness for the Trial Court's findings. T.R.A.P. Rule 13.

Defendant argues that plaintiffs' suit against their father's estate was an election of remedies which should prevent this action. This case is analogous to *Allied Sound, Inc., v. Neely*, where plaintiffs obtained a judgment for damages arising out of a contractual dispute with a resort. Unable to recover from the resort, the plaintiffs sued the officers and directors of the resort in their individual capacity for misrepresentation. 909 S.W.2d 815 (Tenn. App. 1995). Defendants argued that the plaintiff was collaterally estopped from using the same set of facts, without alleging any additional damages, to seek another judgment. The Court determined that while double recovery of damages would be barred, successive judgments seeking a single recovery was appropriate. *Id.* at 821; citing 47 Am.Jur.2d *Judgments* §1008 (1995). The doctrine of election of remedy did not bar recovery either, since its purpose was similarly "to prevent double redress for a single wrong." *Id.* at 822.

The Trial Court's inclusion of the provision giving defendant credit for any money collected from the estate, serves to prevent any double recovery[1] here and

---

[1] As part of its argument that Appellees elected their remedy and were barred from seeking another, Appellant argued that Appellees might have been allowed to pursue alternative remedies if Appellant had been joined to the probate court litigation pursuant to T.R.C.P. 19, which reads in part:

> A person who is subject to the jurisdiction of the court shall be joined as a party if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

T.R.C.P. 19.01.

Appellees responded that Appellant was not joined at that time because the probate court was without jurisdiction to award a judgment against the defendant personally. The parties' brief included substantial discussion of this jurisdiction question.

The failure to joint Appellant pursuant to Rule 19 and limits to the jurisdiction of the Blount County Probate Court were not raised as affirmative defenses in Appellant's answer. They are sub-issues to

3

the suit against the defendant is not precluded by the unsatisfied judgment against the estate.

Next, defendant argues that plaintiffs may not reach the life insurance proceeds because the damages awarded in the previous litigation have become a "debt of the decedent" from which the insurance proceeds are shielded by the statute:

> Any life insurance effected by a husband or wife on such person's own life shall, in the case of that person's death, inure to the benefit of the surviving spouse and children, and the money thence arising shall be divided between them, according to the statutes of distribution, without being in any manner subject to the debts of the decedent. . . .

T.C.A. §56-7-201.

The plaintiffs are not judgment creditors, within the meaning of the above statute, they are vested beneficiaries of the policy. *Herrington v. Boatright,* 633 S.W.2d 781 (Tenn. App. 1982); *LeMay v. Dudenbostel*, 1992 WL 74584 (Tenn. App. 1992). This statute does not prevent the plaintiffs from reaching the proceeds of the policy.

Finally, defendant questions the Court's imposition of an equitable trust without a pleading in the complaint requesting such relief. Plaintiffs' complaint requested money damages, and "other, further and general relief to which they may be entitled at the hearing." Under a prayer for general relief, a court may grant "any other and different relief from that which is justified by the pleadings and the proof," including equitable relief. *Aaron v. Aaron*, 909 S.W.2d 408, 412 (Tenn. 1995).

> A constructive trust is created by equity against one who, by fraud, actual or constructive, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal title to property which he ought not, in equity

---

the election of remedies discussion. Because we find that Appellee's pursuit of the claim against the estate and then against Appellant does not present a case of where the election of one remedy prevents another, we do not reach the issue of whether joining Appellant to the claim against the estate would have made a difference. The issue of whether Blount County probate court had jurisdiction to join her is therefore also not reached.

and good conscience hold and enjoy.

*Livesay v. Keaton*, 611 S.W.2d 581, 584 (Tenn. App. 1980).

Defendant argues that she, as an innocent party, does not meet the above criteria. Although there is no allegation or evidence that defendant committed fraud, she was in privity with the deceased and profited from his breach of contract. *See LeMay*. Defendant's rights are derivatives of the deceased, and she can "stand on no higher ground than he does" despite her lack of knowledge as to her husband's failure to honor the obligation to this children. *Goodrich v. Mass. Mutual Life Insur. Co.*, 240 S.W.2d 263, 270 (Tenn. App.. 1951); *see generally Bell v. Bell*, 896 S.W.2d 559, 561 (Tenn. App. 1994). In this case the plaintiffs had acquired a vested interest in the policy which was property divided at the time of the divorce, and had a right to the policy proceeds. Under these facts, defendant holds legal title to the proceeds which she "ought not, in equity and good conscience, hold and enjoy." The Trial Court properly invoked the use of a constructive trust on the circumstances of this case.

We affirm the judgment of the Trial Court and remand at appellant's cost.

_____
Herschel P. Franks, J.

CONCUR:

_____
Don T. McMurray, J.

_____
William H. Inman, Sr.J.