# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| JAMES MARK BLICK, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | Montgomery County No. C10-329 |
| | ) | |
| VS. | ) | Appeal No. 01A01-9708-CV-00393 |
| | ) | |
| STEPHEN W. KENT, M.D., et al, | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

**FILED**

November 13, 1998

Cecil W. Crowson
Appellate Court Clerk

## APPEAL FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
### AT CLARKSVILLE, TENNESSEE
### THE HONORABLE JAMES E. WALTON, JUDGE

**MARK R. OLSON**
**OLSON & OLSON, PLC**
Clarksville, Tennessee
Attorney for Appellant


**DAN L. NOLAN**
**MARIE ANTOINETTE JOINER**
**BATSON, NOLAN, BRICE, HARVEY & WILLIAMSON, PLLC**
Clarksville, Tennessee
Attorneys for Appellees

**REVERSED AND REMANDED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**HOLLY KIRBY LILLARD, J.**

In this medical malpractice action, Plaintiff James Mark Blick appeals the trial court's final order entering summary judgment in favor of Defendants/Appellees Stephen W. Kent, M.D., William D. Shippen, M.D., Robert Douglas Doty, M.D., and Robert Hector, P.A. For reasons hereinafter stated, we reverse the trial court's judgment and remand for further proceedings.

On August 23, 1992, Blick was treated for a head laceration by Physician's Assistant Robert Hector at the Clarksville Memorial Hospital emergency room. Hector was employed by Clarksville Emergency Physicians, a partnership of doctors which, pursuant to a contract, provided emergency medical services at the Hospital. Defendants William D. Shippen, M.D., and Robert Douglas Doty, M.D., were partners of Clarksville Emergency Physicians, as was Defendant Stephen W. Kent, M.D. Dr. Kent acted as the supervising physician in the emergency room on the day Blick was treated.

After cleaning Blick's head laceration and inspecting it for any foreign matter, Hector sutured the wound and proceeded to discharge Blick. Although Dr. Kent did not personally treat Blick, Dr. Kent reviewed Blick's chart and authorized his discharge from the Hospital. Over one year later, Blick sought treatment from another physician for continuing problems with his head wound. A subsequent surgery revealed the presence of a piece of glass imbedded in Blick's head which Hector's examination apparently had missed. The glass was triangular in shape and measured approximately two centimeters on its widest side.

In October 1994, Blick filed this action for medical malpractice against Hector, Dr. Kent, and the other Defendants.[1] In his amended complaint, Blick alleged that Hector negligently failed to discover the piece of glass when he treated Blick's head wound in August 1992. Blick additionally alleged that Dr. Kent was negligent in failing adequately to supervise Hector in violation of the Physician Assistants Act, codified at Tennessee Code Annotated sections 63-19-101 to 63-19-114 (1990 & Supp. 1992).

---

[1]Blick's amended complaint also named Paul Stampli, LPN, Jean Harris, LPN, and the Hospital as defendants, but these defendants were subsequently dismissed from the lawsuit and are not parties to this appeal.

2

After participating in discovery, the Defendants moved for summary judgment, contending that the undisputed evidence failed to support Blick's claim that Hector deviated from the applicable standard of care in his treatment of Blick. In support of their motion, the Defendants relied on the depositions of Defendants Hector and Kent. The Defendants also relied on the affidavit of Blick's expert, Dr. David H. Lander, and the deposition testimony of Dr. Harry S. Creekmore, the surgeon who removed the piece of glass from Blick's head.

In granting the Defendants' motion for summary judgment, the trial court made the following ruling:

> The Court considered [the] Defendants' Motion for Summary Judgment, and the Court finds that the deposition testimony of Dr. Kent and Dr. Creekmore do [sic] not establish that Defendants violated the standard of care. The Court finds that the Affidavit of David H. Lander, M.D., states what he believes to be the applicable standard of care. However, he does not say or intimate that the Defendants violated that standard. The Court finds that the Plaintiff has failed to present evidence that the Defendants violated the applicable standard of care. Therefore, there is no genuine issue as to any material fact, and Defendants are entitled to judgment as a matter of law. Without any expert medical proof in opposition to the Defendants' Motion for Summary Judgment, the Court enters summary Judgment in favor of the only remaining Defendants, Stephen W. Kent, M.D., William D. Shippen, M.D., Robert Douglas Doty, M.D., individually and as general partners of Emergency Room Physicians, a Partnership, and Robert Hector, P.A., as a final judgment pursuant to Rule 56.04 of the Tennessee Rules of Civil Procedure. The Plaintiff's cause against these Defendants is hereby dismissed.

Our standard of review of the trial court's order granting the Defendants' motion for summary judgment is summarized in Carvell v. Bottoms, 900 S.W.2d 23 (Tenn. 1995):

> Since our inquiry involves purely a question of law, no presumption of correctness attaches to the trial court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. Cowden v. Sovran Bank/Central South, 816 S.W.2d 741, 744 (Tenn. 1991). [Rule 56.04] provides that summary judgment is only appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. Anderson v. Standard Register Co., 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving

3

that its motion satisfies these requirements. <u>Downen v. Allstate Ins. Co.</u>, 811 S.W.2d 523, 524 (Tenn. 1991).

. . . Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. <u>Byrd</u>, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion. <u>Id</u>.

<u>Carvell v. Bottoms</u>, 900 S.W.2d at 26.

This court has recognized that, as a general rule, a defendant moving for summary judgment may avail itself of two avenues: (1) the defendant "may negate an essential element of the nonmoving party's claim," or (2) the defendant "may establish an affirmative defense, such as the statute of limitations, that defeats the claim." <u>Allied Sound, Inc. v. Neely</u>, 909 S.W.2d 815, 820 (Tenn. App. 1995) (citing <u>Byrd v. Hall</u>, 847 S.W.2d 208, 215 n.5 (Tenn. 1993)). In this case, the Defendants sought to obtain a summary judgment by the first avenue, that of negating an essential element of Blick's claim for medical malpractice.

In a medical malpractice action, the plaintiff is required to prove three elements by competent expert testimony: (1) the applicable standard of care, (2) the defendants' deviation from that standard, and (3) injury to the plaintiff as a proximate result of such deviation. <u>Roddy v. Volunteer Med. Clinic, Inc.</u>, 926 S.W.2d 572, 578 (Tenn. App. 1996); <u>Parker v. Vanderbilt Univ.</u>, 767 S.W.2d 412, 420 (Tenn. App. 1988). In the present case, the trial court ruled that the undisputed evidence failed to establish that Hector deviated from the applicable standard of care in his treatment of Blick. Accordingly, the trial court agreed that the Defendants had successfully negated an

essential element of Blick's claim, and the court granted the Defendants' motion for summary judgment.

After reviewing the expert testimony presented in this case, we conclude that, contrary to the trial court's ruling, the record reveals the existence of a genuine issue of material fact as to whether Hector deviated from the required standard of care and whether

4

this deviation proximately caused Blick's injury. This case was somewhat unusual in that the parties essentially agreed on the applicable standard of care. According to the various experts, the standard of care required Hector, prior to suturing or otherwise closing the wound, to examine the wound for the presence of foreign objects by probing to the depth of the wound. Hector's recollection of treating Blick was vague, and he relied to a large extent on the notations he had made in Blick's chart. Hector testified that he visually inspected Blick's wound to the depth of the wound to ensure that no foreign bodies were present. Hector also scrubbed Blick's wound to its depth with Betadine.

Hector's testimony revealed, however, that he did not probe the wound. During Hector's deposition, the following exchange transpired:

> Q. But none of your notes reflect any action you took actually probing inside the wound, do they?
>
> A. No. I didn't probe inside the wound. I inspected it visually and I scrubbed it out.
>
> Q. Once again my question is: None of your notes state that you actually probed or investigated inside the wound; correct?
>
> A. I didn't probe the wound, no, not with an instrument.
>
> Q. And there's nothing else in your notes here that reflect that there was any kind of probing or investigation inside the wound.
>
> A. The wound was visually inspected just by the fact that I noted the size and location and the condition of the wound.

Inasmuch as Hector's own testimony indicates that he failed to probe the wound as required by the applicable standard of care attested to by the parties' experts, we conclude that the trial court improperly granted summary judgment on this issue.

Without citation to the record, the Defendants assert that Hector testified in his deposition "that he did probe to the depth of the wound." After reviewing Hector's deposition, we can only surmise that the Defendants are referring to Hector's testimony whereby he stated that he visually inspected the wound for foreign debris and that he

5

scrubbed the wound to its depth. As the above-quoted portions of Hector's deposition reveal, however, Hector specifically testified that he did not probe the wound.[2]

In urging this court to affirm the trial court's entry of summary judgment in their favor, the Defendants contend that the testimony of Blick's experts failed to reveal any deviation from the required standard of care by Hector. It is true that Dr. Lander deferred to Dr. Creekmore on the issue of whether Hector's failure to discover the glass constituted negligence. It also is true that, when asked his opinion on the issue, Dr. Creekmore declined to characterize Hector's failure to find the piece of glass as negligence. Dr. Creekmore testified that, "I cannot say that Mr. Hector was guilty of negligence. I mean, it is possible for someone to try to find something and not find it." Dr. Creekmore agreed that, just because a piece of glass was missed in an examination, it did not necessarily follow that the examining physician or physician's assistant failed to follow the applicable standard of care. Dr. Creekmore explained that "there are conceivably some occasions when a piece of tissue can overlap and make one think one is at the bottom of a wound when one is not and, therefore, one can make an erroneous judgment there." In this manner, a piece of tissue could obscure an underlying piece of glass. Dr. Creekmore also explained that a foreign body, such as a piece of glass, could migrate toward the surface of the skin over a period of time and, thus, not be discovered until after some time had passed. Dr. Creekmore believed that he would have found the piece of glass during the initial examination of Blick's wound, but he did not necessarily believe Hector was negligent for failing to find it.

Despite this testimony, we conclude that the summary judgment entered in favor of the Defendants must be reversed. Dr. Creekmore's testimony revealed that, even in the exercise of due care, Hector still could have failed to detect the presence of the glass in Blick's wound. Dr. Creekmore's testimony, however, was predicated on the assumption

[2]Based on the record before us, we are unable to conclude that Hector's act of scrubbing the wound to its depth complied with the requirement that he probe the wound. One available authority indicates that the terms "scrub" and "probe" have very different meanings, and we note that Hector's use of these terms in his deposition was consistent with this authority's definitions. Merriam-Webster's Medical Desk Dictionary 575, 642 (1993).

that Hector had, in fact, complied with the applicable standard of care by probing the wound to its depth. In light of Hector's own admission that he did not probe the wound, the cited testimony fails to negate Blick's claim that Hector deviated from the applicable standard of care in his treatment of Blick's wound.[3]

The judgment of the trial court is hereby reversed, and this cause is remanded for further proceedings consistent with this opinion. Costs on appeal are taxed to the Defendants, for which execution may issue if necessary.

        _____
        HIGHERS, J.

CONCUR:

_____
CRAWFORD, P.J., W.S.

_____
LILLARD, J.

_____

[3]We decline to address Blick's alternative argument that Dr. Kent negligently supervised Hector in violation of the Physician Assistants Act, inasmuch as the trial court apparently has not ruled on this issue. <u>Carver Plumbing Co. v. Beck</u>, No. 01A01-9708-CV-00377, 1998 WL 161112, at *7 (Tenn. App. Apr. 8, 1998).