BARNES *v.* WALKER.

(*Knoxville,* September Term, 1950.)

Opinion filed October 9, 1950.

Rehearing Denied December 9, 1950.

366

BARBER & LEDUKE, of Memphis, for plaintiff in error, John B. Barnes.

BURCH, PORTER & JOHNSON, of Memphis, for defendant in error, O. G. Walker.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Barnes bought a house trailer from Walker in May of 1948 under a Conditional Sales Contract regulated by Code Section 7286 et seq. After he had paid by December of 1948 to Walker $873.26 on the purchase price, Walker obtained possession of the trailer in a manner said by Barnes to have been illegal, and then sold the trailer, presumably to satisfy the balance of the purchase price, in a manner said by Barnes to have been illegal in that before such sale he did not advertise as required by the Conditional Sales Law, Code Section 7287.

Predicated upon the alleged illegal retaking and sale of the trailer Barnes sued Walker for its conversion, but subsequently was allowed a voluntary nonsuit. Code Section 8816. Then he commenced within the time permitted by statute the present suit wherein he seeks a recovery under Section 7291 sought because of the alleged failure of Walker to advertise the trailer previous to sale as required by the Conditional Sales Statute, Code Section 7287.

Nothing will be gained by laboring this opinion with a detailed recitation of the contents of the plea in abatement to the declaration; the overruled motion to strike that plea, the replication and the demurrer thereto sustained by the Court. It is sufficient to say that the Court held on pleadings which properly presented the question (1) that the remedy afforded by conversion to Barnes, the conditional vendee, and the remedy furnished him by the conditional sales statute for recovery of the payments which he had made on the purchase price are remedies which are inconsistent and repugnant, thereby requiring an election by Barnes as to which remedy he would pursue, and (2) that Barnes irrevocably made his election in commencing his action for conversion, and is thereby precluded from maintaining this second suit. Accordingly, the Court dismissed the second suit and Barnes by this appeal asserts that the Court erred in its holdings above stated.

██ ██ The doctrine of election of remedies applies where there are "two existing alternative remedial rights, inconsistent and not reconcilable with each other," and an election is made by "the adoption, by an unequivocal act, of one of" the two existing remedies. *Phillips* v. *Rooker,* 134 Tenn. 457, 462, 184 S. W. 12, 13: An unequivocal election of one of two repugnant remedies conclusively estops a subsequent resort to the other remedy. *Grizzard* v. *Fite,* 137 Tenn. 103, 108, 191 S. W. 969, L. R. A. 1917D, 652.

Assuming, but not deciding, that the two remedies afforded Barnes, the conditional vendee here, are repugnant and, therefore, put him to his election between the two repugnant remedies, the question is whether the mere commencement of the action for conversion by Barnes, followed by a voluntary nonsuit, amounted to

the unequivocal act necessary to an irrevocable election between the two remedies. As stated, the trial court held that it did. Barnes, the conditional vendee, insists that this did not amount to an irrevocable election. His position is that the effect of the judgment of voluntary nonsuit merely placed him in the same position he occupied before he commenced the action for conversion. His insistence is sustained by the decisions of many eminent courts of last resort. There are, likewise, such courts which hold to the contrary. Refer to cases annotated in 26 ALR commencing at page 111, and to the text of 18 American Jurisprudence, pp. 141-143 and cases there cited.

When the trial court in the case at bar concluded that the two remedies were repugnant and then held that the commencement of the action for conversion upon the part of Barnes amounted, notwithstanding the subsequent voluntary nonsuit, to an irrevocable election which precluded this subsequent suit to recover purchase money already paid, that court was only following, as it should have done, the decision of this court in *Grizzard* v. *Fite*, supra.

However, it is the opinion of the present personnel of this court that this decision of *Grizzard* v. *Fite*, supra, is inconsistent with one of the purposes for which courts are created, to wit, a redress of wrongs found to have been committed. The ultimate question, therefore, is whether this court should follow *Grizzard* v. *Fite* because of the rule of stare decisis.

For obvious reasons the rule of stare decisis is one of paramount importance. Therefore, the power of this court to overrule a former decision should be sparingly exercised and only when the reason is compelling. *J. T. Fargason Co.* v. *Ball,* 128 Tenn. 137, 141-142, 159

S. W. 221, 50 L. R. A., N. S., 51; *Hall* v. *Skidmore,* 180 Tenn. 23, 29, 171 S. W. (2d) 274. The rule is even more rigidly followed with reference to decisions construing constitutional provisions and legislative enactments, *Humphries* v. *Manhattan Savings Bank & Trust Co.,* 174 Tenn. 17, 25, 122 S. W. (2d) 446; and when that decision has established a rule of property, *Wilkins* v. *Chicago, St. L. & N. O. R. Co.,* 110 Tenn. 422, 458, 75 S. W. 1026.

 Where a former decision neither involves the construction of statutes and constitutional provisions, nor announces that which has become a rule of property, but does involve the private rights of litigants whose conduct has not been prejudiced by the former decision, and when a litigant has not acted upon such former decision to his prejudice with relation to the establishing or fixing of a private property right, courts of last resort "should feel at liberty to settle principles of law according to the opinion of then existing members, neither regardless of, nor implicitly bound by, prior decisions". *Wilkins* v. *Chicago, St. L. & N. O. R. Co.,* supra, 110 Tenn. at page 460, 75 S. W. at page 1035, quoting dictum. When such is the situation, it seems to be "the manifest policy of our courts to hold the doctrine of stare decisis subordinate to" what is subsequently considered "legal reason and justice, and to depart" from such former decisions when such departure is necessary to the achievement of what it subsequently considers manifest justice. *State* v. *Matthews,* 143 Tenn. 463, 475, 226 S. W. 203, 207, 13 A. L. R. 314, provided the court can see that more good than evil would result from the overruling of the previous decision which is now considered erroneous. *Steedman, Steere & Co.* v. *Dobbins & Dazey,* 93 Tenn. 397, 406, 24 S. W. 1133.

*Grizzard* v. *Fite,* supra, does not involve the construction of a constitutional provision or of a statute, nor will an overruling of that case disturb a rule of property. It involves only the effect of certain practice in our courts. In the text of 14 American Jurisprudence, p. 344, Section 127, it is said with citation to decisions that where a previous decision dealing only with a question of practice "goes to the merit of the controversy, where the whole right of parties is dependent upon, and is governed by, it, if the court from any cause errs, it is not only a proper, but an obligatory, duty upon them (it), a duty imperiously demanded by litigants whose rights are before them (it) for adjudication, to reexamine the opinion so pronounced and, if found to be erroneous, to recede from it."

When Walker, the conditional vendor, allegedly converted the trailer and when he allegedly thereafter sold it without the precedent advertisement required by the statute, his action in each instance could not possibly have been influenced by the decision in *Grizzard* v. *Fite,* supra. That decision could in no manner have informed him as to whether Barnes, the conditional vendee, would elect to seek redress for the alleged wrongs committed by an action for conversion or by an action for recovery of the paid in purchase money. So, Walker's conduct could not have been induced by the decision in *Grizzard* v. *Fite.* Moreover, the institution by Barnes of an action for conversion, followed by a voluntary nonsuit in that action did in no way prejudice any possible defense of Walker in this second suit for recovery of the paid in purchase money. It follows, of course, that no property right of Walker was prejudiced in any manner either by the institution of the suit for conversion, or by the voluntary nonsuit in that case before a decision on the merits.

██ Because *Grizzard* v. *Fite,* supra, announces a rule of practice which, in the opinion of the members of this court, is contrary to justice, when applied to the alleged facts of the instant case, and because Walker has been in no way prejudiced in his substantive rights by the decision in *Grizzard* v. *Fite,* and because it does appear that more good than evil will result from an overruling of *Grizzard* v. *Fite,* since this will permit a litigant to have his day in court upon the merits, it follows upon principle and under the authorities above cited that this court should depart from the rule announced in *Grizzard* v. *Fite* by holding, as we do, that the commencement of the action for conversion upon the part of Barnes, followed by a voluntary nonsuit, did not amount to an irrevocable election which precluded this subsequent suit instituted by Barnes to recover the purchase money which he had already paid under the conditional sales contract in question. The judgment of the Circuit Court holding to the contrary is reversed, and the cause remanded for further proceedings in accordance with this opinion. Cost of this appeal will be equally divided.

All concur.

## On Petition to Rehear.

Walkers's petition to rehear states that in Barnes' suit for conversion (the case in which he took a voluntary nonsuit) there was entered ''a final adjudication, unappealed from, of the very question sought to be relitigated in the subsequent suit from which the appeal in this case was prayed, granted and perfected''. Upon the premises so asserted, it is insisted that Barnes is thereby barred from the maintenance of the present suit subsequently commenced for the recovery of so much of the

purchase price as he had paid on the trailer, this recovery being sought on the theory that Barnes, having recovered the trailer, sold it without the advertisement required by statute. Hence, it is insisted by the petition to rehear that the opinion recently rendered in this cause should be reversed and "the judgment of the trial court be affirmed".

As stated, Barnes' first suit was for the conversion of the trailer, and his declaration was to that effect. Thereafter, he moved to amend his declaration so as to sue for so much of the purchase price as he had paid on the trailer because of the alleged illegal sale by Walker. The Trial Court refused to permit the amendment, and entered a judgment to that effect reading as follows:

"It appears to the Court that the proposed amendment is inconsistent with and repugnant to the declaration filed and that plaintiff has made an election to sue for a conversion of the property described in the declaration and that said motion should, therefore, be disallowed.

"It is, therefore, Ordered, Adjudged and Decreed by the Court that the motion of the plaintiff to amend his declaration be and the same is hereby overruled."

This is the order which the petition to rehear says is "a final adjudication, un-appealed from, of the very question sought to be re-litigated" in the present case.

The question in the present case, as stated in the opinion, is:

"Assuming, but not deciding, that the two remedies afforded Barnes, the conditional vendee here are repugnant and, therefore, put him to his election between the two repugnant remedies, the question is whether the mere commencement of the action for conversion by Barnes, followed by a voluntary non-suit, amounted to the un-

equivocal act necessary to an irrevocable election between the two remedies.''

The question just above stated in the present (second) suit was not before the Court when it entered the above quoted order refusing to permit the amendment sought, and in the very plight of the record, could not possibly have been before the Court, nor within its contemplation at that time, because the voluntary nonsuit had not, of course, been allowed or applied for at that time. So, that order did not and could not have proposed to adjudge, with reference to the question of an irrevocable election of remedies, the effect of a voluntary nonsuit, in the event one should in the future be taken, upon the rights of Barnes in another suit based upon the remedy assumed in the first case to be repugnant to the remedy for which the first suit was brought. The ''law of the case'' rule, invoked by this petition to rehear, is applicable only '' 'so long as the facts on which such decision was predicated continue to be the facts in the case.' 15 R. C. L., p. 959. But 'when a judgment establishes the law of the case, its effect as such extends only to the particular subject matter then before the court.' '' *Brewer* v. *Griggs,* 10 Tenn. App. 378, 399-400.

Since this construction of the order in question is conclusive of the insistence made, it is not necessary to respond further to the argument made or authorities cited by petitioner. They are advanced under a construction which we are not able to place upon the order entered in the first case.

When the Trial Court dismissed the present (second) suit of Barnes on the theory that the commencement of the first suit, notwithstanding the voluntary nonsuit, amounted to an irrevocable election and precluded the maintaining of this second suit, the order of dismissal

recited that it was "without prejudice to the rights of the plaintiff". Because of this quoted expression the petition to rehear insists that the order dismissing plaintiff's suit "was not a final judgment from which an appeal could be prayed"; hence, that the motion which the appellee (now the petitioner) made to dismiss the appeal should have been sustained.

It is probable that when the Court in the order dismissing this second suit recited that the dismissal was to be "without prejudice to the rights of the plaintiff" it had in mind the right of Barnes to bring another suit for conversion within one year after the taking of the voluntary nonsuit in the first case. However that may be, it was the holding in the second case that Barnes could not maintain a suit to recover the purchase money already paid on the trailer because, in the opinion of that Court, he had made an irrevocable election in previously suing for conversion, the voluntary nonsuit notwithstanding. Had Barnes not appealed from the order dismissing that (the present) suit he would have been forever barred from maintaining a suit to recover such purchase money. That seems to be just about as final as a judgment can possibly be insofar as it determines the right of Barnes to maintain this second suit for recovery of the purchase money previously paid by him on the trailer. Therefore, this insistence must also be rejected.

The petition to rehear will be denied.

All concur.