[No. G018209. Fourth Dist., Div. Three. Feb. 16, 1999.]

JERRY O. SMITH et al., Plaintiffs and Appellants, v.
GOLDEN EAGLE INSURANCE CO. et al., Defendants and Respondents.

## COUNSEL

Jeffrey L. Garland; and J. Christopher Woodward for Plaintiffs and Appellants.

Procopio, Cory, Hargreaves & Savitch, David A. Niddrie and Gerald P. Kennedy for Defendants and Respondents.

## OPINION

**RYLAARSDAM, J.**—This action arises out of the aborted settlement of a personal injury action. Plaintiffs unsuccessfully attempted to enforce a purported settlement pursuant to Code of Civil Procedure section 664.6. (All further statutory references are to the Code of Civil Procedure.) Thereafter, they proceeded to trial on the underlying claim and lost; they did not appeal. Plaintiffs filed a new action against the nonsettling defendants, defendants' insurance company and the insurer's attorneys (hereinafter collectively referred to as defendants) for breach of the purported settlement agreement. Defendants successfully moved for summary judgment on the ground of collateral estoppel and res judicata. We agree the second action was barred and affirm.

FACTS

Plaintiff Jerry O. Smith sustained personal injuries while working at Don Kott Ford when a driver lost control of his car and crashed it into Smith's service booth. Smith and his wife (collectively referred to as plaintiffs) sued the premises owners, Don and Margaret Kott (Kotts) and others not parties to this appeal.

After plaintiffs settled with the driver, a settlement conference was conducted on November 15, 1993, in an attempt to resolve the remainder of the case. During that conference, a "tentative settlement" was reached and placed on the record; the Kotts agreed to pay $600,000 on the condition the workers' compensation carrier would consent to the settlement on the basis that neither the Kotts nor plaintiffs would pay anything to the workers' compensation carrier. The matter was continued for two days to obtain the assent of the workers' compensation carrier; all of the parties agreed that the settlement was contingent.

On November 17, the parties and a representative from the workers' compensation carrier appeared for the further settlement conference but were

unable to reach a settlement. Plaintiffs' counsel noted the settlement "fell apart," the court's minute order states there was no settlement; a trial date was set. Plaintiffs' counsel served trial subpoenas and demands to exchange expert witness information on the other parties.

On the date set for trial, plaintiffs moved to enforce a settlement pursuant to section 664.6. The trial court noted that any settlement reached as a result of discussions which started on November 15 and continued on November 17 were before the court, one of the conditions for application of section 664.6, but denied the motion finding that no settlement had been reached. The parties then proceeded to trial; defendants prevailed; plaintiffs did not appeal from the judgment.

Plaintiffs next pursued the present suit for breach of contract and breach of the covenant of good faith and fair dealing against defendants alleging: "Commencing on or about November 15, 1993, settlement negotiations commenced at a judicially supervised settlement conference at the Orange County Superior Court. That settlement conference resulted in an oral settlement agreement, settling the personal injury case . . . . [¶] On or about November 17, 1993, defendants, and each of them, breached [the] contract in that they failed to pay [*sic*] the plaintiffs [$600,000] as agreed to or any other amount." Defendants successfully moved for summary judgment on the ground the action was barred because of the prior ruling under section 664.6.

DISCUSSION

1. *Section 664.6*

■ Did the settlement agreement which plaintiffs sought to enforce pursuant to section 664.6 encompass the subject matter of the complaint in the present action? If it did, the trial court's determination that no settlement was reached is final and binding on the parties. If the settlement failed to satisfy the conditions of section 664.6, this action would not be barred by collateral estoppel, although, as we discuss below, it would be barred under the doctrine of election.

Under the version of section 664.6 in effect at the time of the settlement discussions: "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally on the record before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement." (Code

Civ. Proc., § 664.6, as amended by Stats. 1993, ch. 768, § 1.) ■ "In acting upon a section 664.6 motion, the trial court must determine whether the parties entered into a valid and binding settlement of all or part of the case. In making this determination, trial judges, in the sound exercise of their discretion, may receive oral testimony or may determine the motion upon declarations alone. [Citation.]" (*Corkland* v. *Boscoe* (1984) 156 Cal.App.3d 989, 994 [203 Cal.Rptr. 356].)

■ Plaintiffs admit that, if the settlement they are now attempting to enforce was reached on November 15, this action would be barred. They acknowledge that the November 15 discussions were "before the court," a prerequisite to enforcing a settlement pursuant to section 664.6. Instead, they argue that a settlement was reached on November 17 through a combination of the negotiations which started on the 15th and concluded on the 17th, outside the presence of the court. They contend that this settlement could not be enforced under section 664.6 and hence they cannot be collaterally estopped from bringing the present action for breach of contract. However, that issue was resolved by the trial judge in the earlier case by finding that the discussions which started on the 15th and continued on the 17th were still within that court's jurisdiction to enforce. The trial court found the conditions of the statute had been met when it noted that section 664.6 would have allowed it to enforce the settlement had it been reached on the 17th.

## 2. *Election of Remedies*

We asked the parties to brief the issue whether plaintiffs waived their right to enforce the purported November 17 settlement by proceeding to trial on the tort action. Plaintiffs admit they "could" have joined the breach of settlement claim with the personal injury action, but argue that failing to do so does not prevent the present lawsuit. In support of this position, they cite *Mattson* v. *City of Costa Mesa* (1980) 106 Cal.App.3d 441 [164 Cal.Rptr. 913]. That case only demonstrates, however, that "res judicata is closely related to and parallels the rule prohibiting piecemeal litigation by splitting a single cause of action. [Citations.]" (*Id.* at p. 446.) It does not support plaintiffs' position.

Plaintiffs, by electing to proceed with their tort action, elected that remedy over the breach of contract action. ■ "A party should be entitled to change alternative remedies until satisfaction of judgment, or application of res judicata or estoppel, vindicates one of the inconsistent rights. [Citation.] The election of remedies doctrine states that accepting an actual benefit from an alternative theory that renders continued pursuit of the alternative unfair

constitutes an election." (*Southern Christian Leadership Conference* v. *Al Malaikah Auditorium Co.* (1991) 230 Cal.App.3d 207, 223 [281 Cal.Rptr. 216].) ▉ Plaintiffs pursued their tort claim rather than the breach of contract claim by pursuing the tort action to a final judgment. Allowing the plaintiffs to proceed with a breach of contract action after losing the tort action would be inconsistent and unfair to defendants.

As stated in *Writers Guild of America, West, Inc.* v. *Screen Gems, Inc.* (1969) 274 Cal.App.2d 367 [79 Cal.Rptr. 208], " '[t]o permit a party to proceed with an action until an unfavorable decision on a motion is rendered and then allow it to resort, against the wishes of the adversary, to [a subsequent action], where a better result is hoped for, would cause an unnecessary waste of time and effort to all concerned and is a fundamentally unfair procedure which should not be encouraged.' " (*Id.* at p. 375.)

Even assuming plaintiffs' current action is not collaterally barred because plaintiffs are attempting to enforce a settlement outside the confines of section 664.6, by proceeding with the tort claim, plaintiffs elected to withdraw their claim that a settlement had been entered. They cannot now revive that claim. The court correctly granted summary judgment.

3. *Sanctions*

Although plaintiffs' argument lacks merit, we do not find that it is so meritless as to warrant sanctions under *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179]. Sanctions are denied.

### DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

Wallin, Acting P. J., and Crosby, J., concurred.

A petition for a rehearing was denied March 11, 1999, and the opinion was modified to read as printed above. Appellants' petition for review by the Supreme Court was denied May 12, 1999.