# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

HAROLD DAVIS,

    Plaintiff/Appellant,

VS.

TENNESSEE DEPARTMENT OF
EMPLOYMENT SECURITY,
TENNESSEE CIVIL SERVICE
COMMISSION, and
MARGARET CULPEPPER, in her
official capacity as Commissioner of the
Tennessee Department of Employment
Security,

    Defendants/Appellees.

**FILED**

**December 10, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

Davidson Chancery
No. 96-515-III

Appeal No.
M1996-00021-COA-R3-CV

APPEAL FROM THE CHANCERY COURT
FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ROBERT S. BRANDT, CHANCELLOR

For the Plaintiff/Appellant:

Larry D. Woods
Nashville, Tennessee

For the Defendants/Appellees:

Paul G. Summers
Attorney General and Reporter

James C. Floyd
Assistant Attorney General

## AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

## O P I N I O N

This appeal involves the efforts of a state employee to obtain judicial review of a written reprimand for repeatedly filing grievances concerning non-grievable matters. After the Civil Service Commission declined to consider his grievance concerning the written reprimand, the employee filed suit in the Chancery Court for

Davidson County seeking both judicial review of the Commission's decision under the Uniform Administrative Procedures Act and injunctive and other equitable relief against his employer under the federal civil rights laws. The trial court dismissed the civil rights claims and later dismissed the employee's petition for review because it was not timely filed. On this appeal, the employee takes issue with the dismissal of his petition for review and with the trial court's refusal to reinstate his civil rights claim following the dismissal of his petition for review. We have determined that the trial court properly dismissed both claims and, therefore, affirm the trial court.

## I.

Harold Davis is a career employee of the Tennessee Department of Employment Security. In September 1994, he filed a grievance with the Department complaining that he had been passed over for promotions because of his race. Eight months later, in May 1995, Mr. Davis filed a second grievance alleging disparate working conditions and the denial of promotions because of his race. The Department officials informed him that these sorts of complaints were not grievable matters. Not to be deterred, Mr. Davis filed a third grievance on similar grounds in September 1995. The Department informed him again that he was asserting non-grievable matters.

Thereafter, on September 15, 1995, the Department sent Mr. Davis a written reprimand[1] **stating that he had failed to maintain satisfactory and harmonious working relations with his supervisors and fellow employees[2] and that his repeated grievances pertaining to the assessment of the performance of the employees within the federal and data entry units interfered with management's ability to manage.[3] Believing that the written reprimand wrongfully retaliated against him for filing legitimate grievances, Mr. Davis requested Margaret Culpepper, the Commissioner of the Department of Employment Security, to review the reprimand.[4] Following a review conducted by her designee,**

---

[1] The written reprimand is not in the record; however, the Department does not dispute that Mr. Davis received a written reprimand.

[2] *See* **1120-10-.06(4) (1988).**

[3] *See* **1120-10-.06(12) (1996).**

[4] Tenn. Comp. R. & Regs. r. 1120-12-.02 (1988) sets out the procedure for requesting an appointing authority to review a written reprimand.

**Commissioner Culpepper concurred in the written reprimand and notified Mr. Davis of her decision in a letter dated October 31, 1995.**

**Mr. Davis equated Commissioner Culpepper's action as an adverse Step IV grievance decision and, on November 21, 1995, requested a Step V grievance hearing before an administrative law judge. On December 13, 1995, the Civil Service Commission's staff informed Mr. Davis that the Commission lacked authority to consider his grievance because Tenn. Comp. R. & Regs. r. 1120-11-.08(5) (1994) expressly provides that written reprimands are not grievable beyond Step IV. Thereafter, Mr. Davis retained counsel who also requested a Step V grievance hearing before an administrative law judge. On January 29, 1996, the Commission again informed Mr. Davis that his situation involved non-grievable matters because all his complaints related to the internal management of the Department.**

**Mr. Davis filed suit against the Department and Commissioner Culpepper in the Chancery Court for Davidson County on February 15, 1996. In addition to seeking judicial review of the Civil Service Commission's decision under the Uniform Administrative Procedures Act, Mr. Davis also sought injunctive and other equitable relief against Commissioner Culpepper under the federal civil rights laws. At the outset, the Department and Commissioner Culpepper moved to dismiss Mr. Davis's federal civil rights claims based on the precedents against pursuing appellate remedies and original claims in the same proceeding.[5] Thereafter, the trial court directed Mr. Davis to elect which remedy he wished to pursue or face the dismissal of his federal civil rights claim. When Mr. Davis refused to elect a remedy, the trial court dismissed his civil rights claim without prejudice.**

**The trial court took up Mr. Davis's petition for review under Tenn. Code Ann. § 4-5-322 (1998) in August 1996. During the hearing, the Department and Commissioner Culpepper moved to dismiss Mr. Davis's petition because it was not timely filed. The trial court granted the motion and dismissed Mr. Davis's petition. Later, the trial court denied Mr. Davis's motion to alter or amend it's order of dismissal to include additional findings of fact and conclusions of law.**

**II.**

---

[5] *See State ex rel. Byram v. City of Brentwood*, 833 S.W.2d 500, 502 (Tenn. Ct. App. 1991); *Goodwin v. Metropolitan Bd. of Health*, 656 S.W.2d 383, 386-87 (Tenn. Ct. App. 1983).

The determinative issue in this case is the timeliness of Mr. Davis's petition for review. The Uniform Administrative Procedures Act requires persons aggrieved by a final decision of an administrative agency to file their petition for review within sixty days after the entry of the agency's final order. *See* Tenn. Code Ann. § 4-5-322(b)(1). A party's failure to file a petition for review on or before the statutory deadline prevents the courts from exercising their jurisdiction to review the agency's decision. *See Schering-Plough Healthcare Prods., Inc. v. State Bd. of Equalization*, 999 S.W.2d 773, 776 (Tenn. 1999); *Bishop v. Tennessee Dep't of Correction*, 896 S.W.2d 557, 558 (Tenn. Ct. App. 1994).

We must first determine when the time for filing Mr. Davis's petition began to run before we can determine whether the sixty-day filing period had passed by the time Mr. Davis filed his petition for review. Both parties agree that the Civil Service Commission's December 13, 1995 letter is the order Mr. Davis seeks the courts to review. The Department and Commissioner Culpepper argue that the time for filing the petition for review began to run on that date. Mr. Davis, on the other hand, insists that the time for filing his petition for review did not begin to run until December 23, 1995 because the Commission's December 13, 1995 letter was an "initial order" that did not become final until ten days after its entry.[6] **Mr. Davis is mistaken.**

**The Uniform Administrative Procedures Act affords state agencies two procedures for deciding contested cases. First, the agency, board, or commission may hear and decide the case itself. *See* Tenn. Code Ann. § 4-5-314(a) (1998). Second, the agency, board, or commission may decide to request an administrative law judge or hearing officer to conduct the hearing and then render an "initial order" that may, in turn, be affirmed or modified by the agency, board, or commission on its own motion or at the request of one of the parties. *See* Tenn. Code Ann. § 4-5-314(b). These initial orders cannot become final until ten days after they are entered. *See* Tenn. Code Ann. § 4-5-318(f)(3) (1998).**

**Mr. Davis's argument that the December 13, 1995 letter is an initial order loses sight of the fact that this letter represents an order by the Commission, not an order by an administrative law judge or a hearing officer. In the letter, the Civil Service Commission's staff,[7] acting for the Commission, informed Mr.**

---

[6]Tenn. Code Ann. § 4-5-318(f)(3) (1998) provides that an initial order becomes final within ten days after its entry if no party has filed a petition for appeal and the agency has not given written notice of its intention to exercise review.

[7]The Commissioner of Personnel or employees designated by the Commissioner of Personnel

(continued...)

**Davis that he was not entitled to a Step V grievance with regard to the written reprimand and stated unequivocally that no further sort of administrative review was available to him. Because this decision, which was fully consistent with the applicable civil service regulations,[8] was a final agency order, it became final when it was entered on December 13, 1995. Accordingly, the time for filing a petition for review began to run on that date. Mr. Davis's petition for review, filed on February 15, 1996, was thus three days late.**

## III.

Sensing the futility of his efforts to cast the Civil Service Commission's December 13, 1995 letter as an interim order, Mr. Davis offers two other arguments why the time for filing his petition for review should not be measured from December 13, 1995. First, he argues that the time for filing his petition for review should not begin to run until he actually received the Commission's December 13, 1995 letter. Second, he argues that the running of the filing period should be tolled because he requested the Commission to rehear the decision in its December 13, 1995 letter. Neither argument has merit.

Mr. Davis responded to the motion to dismiss his petition for review by asserting that he had "excusable grounds" for filing his petition beyond the sixty-day period prescribed by Tenn. Code Ann. § 4-5-322(b)(1) because he did not receive the Commission's December 13, 1995 letter until December 30, 1995. This argument has no merit. As we have repeatedly held, the time for seeking judicial review of an agency's decision runs from the date of the entry of the agency's final order, not from a party's receipt of such order. *See Cheairs v. Lawson*, 815 S.W.2d 533, 534 (Tenn. Ct. App. 1991); *Houseal v. Roberts*, 709 S.W.2d 580, 581 (Tenn. Ct. App. 1984). While some delays in receiving notice of a final order could theoretically be so long that they amounted to no notice or legally insufficient notice to a party, such was not the case here. On the facts of this case, Mr. Davis had ample time – six weeks – to

---

(...continued)
provide staff assistance to the Civil Service Commission. **See Tenn. Code Ann. § 8-30-202(a)(1) (1993).**

[8]Determinations of a career employee's performance are grievable only through Step IV. **See Tenn. Comp. R. & Regs. r. 1120-11-.07(7) (1996). Likewise, grievances involving written reprimands are not grievable past Step IV.** **See Tenn. Comp. R. & Regs. r. 1120-11-.08(5).**

decide whether he wished to seek judicial review of the Commission's decision that he could not press his grievance beyond the fourth step.

Mr. Davis also argues that he was entitled to additional time for filing his petition for review because he requested the Commission to reconsider the conclusion in its December 13, 1995 letter. Again, we find no merit to this argument. Tenn. Code Ann. § 4-5-322(b)(2) provides that the time allotted for filing a petition for review is not extended for any period simply by requesting an agency to reconsider a final order.[9]

## IV.

Mr. Davis's final argument involves his federal civil rights claim. He points out that the trial court dismissed this claim only because it had been joined improperly with his petition to review the Civil Service Commission's decision. If we affirm the dismissal of his petition for review, he insists that we should reinstate his federal civil rights claim because there will no longer be an impermissible joinder of appellate and original remedies. We decline to reinstate Mr. Davis's federal civil rights action because he failed to request this relief from the trial court.

Mr. Davis does not take issue with this court's decision that it is impermissible to join an appeal from an action of an administrative agency with an original action.[10] **Nor does he take issue with the order directing him to elect which of these remedies he desired to pursue or with the trial court's making the decision for him after he declined to make the election himself. Rather, in hindsight, he requests this court to reinstate his federal civil rights claim now that his appellate remedy has been dismissed.**

**The doctrine of election of remedies prevents plaintiffs from seeking inconsistent remedies. *See Wimley v. Rudolph*, 931 S.W.2d 513, 515 (Tenn. 1996). Its purpose is to prevent double recoveries. *See Forbes v. Wilson County Emergency Dist. 911 Bd.*, 966 S.W.2d 417, 421 (Tenn. 1998); *Purcell Enters., Inc. v. State*, 631 S.W.2d 401, 409 (Tenn. Ct. App. 1981). However, as laudable as its purpose is, the doctrine of election of remedies is a harsh one that the courts do**

---

[9]The time for filing a petition for review will be tolled only if the agency grants the petition for reconsideration. ***See* Tenn. Code Ann. § 4-5-317(e) (1998). Accordingly, commentators have recommended filing a petition for reconsideration and a petition for review simultaneously in order to avoid any questions about the timeliness of the petition for review. *See* William P. Kratzke, *A Review of Contested Case Provisions of the Tennessee Uniform Administrative Procedures Act*, 13 Mem. St. U.L. Rev. 551, 582 (1983).**

[10]***See State ex rel. Byram v. City of Brentwood*, 833 S.W.2d at 502; *Goodwin v. Metropolitan Bd. of Health*, 656 S.W.2d at 386-87.**

**not favor.** *See Lund v. Albrecht*, **936 F.2d 459, 464 (9th Cir. 1991);** *Beyer v. Easterling*, **738 So. 2d 221, 226-27 (Miss. 1999);** *Ripple v. Wold*, **549 N.W.2d 673, 674 (S.D. 1996); 18 Charles A. Wright, et al.,** *Federal Practice and Procedure* **§ 4476, at 773 (1981).**

**The doctrine requires a plaintiff who is seeking inconsistent remedies to choose one of the remedies. Once made, this choice becomes irrevocable, and the plaintiff is thereafter estopped from pursuing the remedy not chosen.** *See Barnes v. Walker*, **191 Tenn. 364, 368, 234 S.W.2d 648, 650 (1950);** *Allied Sound, Inc. v. Neely*, **909 S.W.2d 815, 822 (Tenn. Ct. App. 1995);** *Hayes v. Civil Serv. Comm'n*, **907 S.W.2d 826, 828 (Tenn. Ct. App. 1995). However, with the advent of the liberalized pleading rules, most courts will not invoke the doctrine unless (1) the plaintiff has prosecuted the chosen remedy either to final judgment or a determinative conclusion,** *see Gottschalk v. Simpson*, **422 N.W.2d 181, 185 (Iowa 1988);** *Christensen v. Eggen*, **577 N.W.2d 221, 224 (Minn. 1998);** *Alexander v. Link's Landing, Inc.*, **814 S.W.2d 614, 620-21 (Mo. Ct. App. 1991);** *Family Bank of Commerce v. Nelson*, **697 P.2d 216, 218 (Or. Ct. App. 1985), or (2) the defendant has materially changed its position based on the plaintiff's choice of remedy.** *See Ripple v. Wold*, **549 N.W.2d at 675-76. Thus, most courts permit a party to change to an alternative remedy until judgment is entered or until the doctrines of res judicata or collateral estoppel apply.** *See Smith v. Golden Eagle Ins. Co.*, **82 Cal. Rptr. 2d 300, 303 (Ct. App. 1999).**

**Although the decisions are not without some doubt, the Tennessee Supreme Court appears to have recognized the controlling significance of a final judgment in an election of remedies analysis. The Court has held that the doctrine applies once the plaintiff obtains a judgment on one of its inconsistent claims, even if it is later unable to satisfy the judgment.** *See Phillips v. Rooker*, **134 Tenn. 457, 465-66, 184 S.W. 12, 14 (1916). However, the Court has also noted that the doctrine does not apply when the plaintiff elects to pursue a remedy that is legally or factually unavailable.** *See Montlake Coal Co. v. Chattanooga Co.*, **137 Tenn. 440, 444-45, 193 S.W. 1057, 1058 (1917);** *Grizzard v. Fite*, **137 Tenn. 103, 108, 191 S.W. 969, 970 (1917),** *rev'd on other grounds, Barnes v. Walker*, **191 Tenn. 364, 372, 234 S.W.2d 648, 651 (1950).**[11]

---

[11]Notwithstanding its recognition of the idea that the doctrine of election of remedies does not apply when the chosen remedy has not been prosecuted to a final judgment, the Court held that the proper action for the plaintiff is to dismiss the claim for the inconsistent remedy rather than to amend the complaint to include the remedy that is available. ***See Montlake Coal Co. v. Chattanooga Co.*, 137 Tenn. at 449-51, 193 S.W. at 1059. Tenn. R. Civ. P. 8.01 calls into question the** *Montlake* **court's predilection against alternative claims for relief.**

**Mr. Davis did not request the trial court to reinstate his federal civil rights claim. Had this request been included in his Tenn. R. Civ. P. 59.04 motion to alter or amend the judgment, we would have held, without hesitation, that the trial court erred by denying this request. However, Mr. Davis did not bring this question to the trial court's attention and did not request the relief he is seeking now from this court. A claim for relief or issue not asserted or raised at trial cannot be asserted or raised for the first time on appeal.** *See Simpson v. Frontier Community Credit Union***, 810 S.W.2d 147, 153 (Tenn. 1991);** *State Dep't of Human Servs. v. Defriece***, 937 S.W.2d 954, 960 (Tenn. Ct. App. 1996). Mr. Davis is not entitled to the relief he now seeks because he failed to seek the same relief in the trial court.** *See* **Tenn. R. App. P. 36(a).**[12]

## V.

We affirm the dismissal of Mr. Davis's petition for review and his federal civil rights claim and remand the case to the trial court for further proceedings consistent with this opinion. We tax the costs of this appeal to Harold Davis and his surety for which execution, if necessary, may issue.

_____
                                        WILLIAM C. KOCH, JR., JUDGE


CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____
BEN H. CANTRELL, JUDGE

_____

[12]We note that our dismissal may not ultimately foreclose Mr. Davis's federal civil rights claim because the trial court dismissed this claim without prejudice.