IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 19, 2004 Session

## BEVERLEY MILLER, ET AL. v. UNITED AUTOMAX

**A Direct Appeal from the Circuit Court for Shelby County**
**No. 306619-7     The Honorable Robert A. Lanier, Judge**

_____

**No. W2003-01394-COA-R3-CV - Filed May 13, 2004**

_____

Appellants sued Appellee on theories of common law misrepresentation and violation of the Tennessee Consumer Protection Act, arising from the sale of a used vehicle. A jury returned a verdict for Appellants on both theories and Appellants elected to take their remedy under the common law claim, which included an award of punitive damages. The trial court denied Appellants' prayer for attorney fees, which were not available under the common law remedy but only under the Consumer Protection Act claim. Having been denied attorney fees, Appellants requested that they be allowed to amend their election of remedies. This request was denied. Appellants appeal. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Kevin A. Snider of Germantown For Appellants, Beverley Miller and Cassandra Meyer

Gary C. McCullough of Germantown For Appellee, United Automax

### OPINION

On June 26, 1998, Beverley Miller ("Miller,") and Cassandra Meyer ("Meyer," and together with Miller  "Plaintiffs," or "Appellants") purchased a used Ford Contour (the "vehicle") from United Automax ("Automax," "Defendant," or "Appellee"). Appellants contend that the car had sustained damages prior to the sale even though Appellee denies that the car was damaged.

This case began in the Shelby County General Sessions Court under docket number 750358. Appellants claims included: breach of contract, breach of warranty, fraud, misrepresentation, and violation of the Tennessee Consumer Protection Act. Following a hearing on January 18, 2000, the General Sessions court rendered a judgment in favor of Appellants in the amount of $10,000.00 plus

court costs. Automax timely appealed to the Shelby County Circuit Court. Appellants' expert who had testified in the General Sessions trial died before the appeal was heard in the Circuit Court. Upon Appellants' Motion, the Circuit Court allowed the deceased expert's testimony from the transcript of the General Sessions Court proceedings.

A jury trial was held in the Circuit Court on April 8 and 9, 2003, and the jury found in favor of Appellants on both the misrepresentation claim and the Tennessee Consumer Protection Act claim. On the misrepresentation claim, the jury awarded compensatory damages in the amount of $899.50 and punitive damages in the amount of $3,000. On the violation of the Tennessee Consumer Protection Act, the jury awarded compensatory damages in the amount of $899.50. After the jury was dismissed, the following exchange, concerning the election of damages, occurred:

> MR. SNIDER [attorney for Appellants]: Your Honor, I guess, as I understand the election, the election would be between accepting the punitive damages or, essentially, asking Your Honor for treble damages.
>
> THE COURT: That's correct.
>
> MR. SNIDER: So I guess based upon the number calculation, I think that would be more than the maximum that you could award anyway.
>
> THE COURT: Yeah.
>
> MR. SNIDER: So we would accept the punitive damages.
>
> *                                *                                *
>
> MR. McCULLOUGH [attorney for Appellee]: Your Honor please, my understanding is that he's [Mr. Snider] accepted the misrepresentation–made his election to accept the misrepresentation with the $899.50 and the $3,000.
>
> THE COURT: That's my understanding.
>
> MR. SNIDER: Correct. But we also have the verdict under the Consumer Protection Act, which would entitle my client to a claim for attorney fees, which you're going to rule on later.[1]
>
> THE COURT: Okay. There just can't be any duplication of damages or punitive damages.

---

[1] The matter of attorney fees and costs was bifurcated from the trial on the merits.

On or about April 10, 2003, Appellants' attorney filed a motion for attorney fees and discretionary costs. At a hearing, on April 25, 2003, attorney for the Appellants argued that the election of tort damages does not preclude the court from awarding attorney's fees under the Consumer Protection Act since such award is justified by the jury's finding on the Consumer Protection claim and is not a duplication of damages. In the alternative, attorney for Appellants argued that, if an award of attorney's fees was denied, then Appellants would like to rescind their election of the tort remedy and pray for treble damages under the Consumer Protection claim. After arguments, the Court made the following ruling from the bench:

> It seems to me [the Court] it's clear that just by selecting punitive damages whether the word election of remedy was used or not, that you have elected to take the benefits of the tort of misrepresentation and if you choose that. You have to take the bitter with the sweet. The bitter being that you don't get attorney fees in that tort action.

> Now the question of whether you can change your mind, I have great difficulty in reaching any sort of analogy to [existing] law. The only thing I can think of and the only way to resolve that question is to try to analogize it through existing law.

> And it seems to me if you made an election that it's similar to a jury's verdict. In other words, the Court would have to be asked to change the jury's verdict or to change the judgment. The fact that we haven't signed an order doesn't mean that that didn't take place. It did take place.

> \*                                        \*                              \*

> So I'm going to hold that there was an election made to accept the tort remedy and with the benefits and the shortcomings of the tort remedy and that it can't be changed now after having done so....

An Order was entered on the jury verdict on April 30, 2003. The Order reads, in relevant part, as follows:

> This cause came on for trial on April 8, 2003 before the Honorable Robert A. Lanier, and a jury, and the Court having submitted issues to the jury and the jury having answered, as follows:

> **CLAIM #1–MISREPRESENTATION**

Question #1: Did the Defendant misrepresent the condition of the vehicle (that it never had been wrecked) at the time it was sold?
Answer: Yes

Question #2: Was the misrepresentation without negligence, negligent or intentional or reckless?
Answer: Intentional or reckless

Question #3: What damage did the Plaintiff sustain that she would have had if the condition of the automobile was what it was represented to be?
Answer: $899.50

Question #4: What damages, if any, should be awarded to punish the Defendant for the intentional or reckless misrepresentation?
Answer: $3,000.00

## CLAIM #2–CONSUMER PROTECTION ACT

Question #1: Did the Defendant represent that the automobile was not wrecked when it had, in fact, been in a wreck?
Answer: Yes

Question #2: What actual damages, meaning loss of money, did the Plaintiff suffer as a result of the representation?
Answer: $899.50

Thereafter, the counsel for the Plaintiff, made an election of remedies to be awarded the damages pursuant to Claim #1 for Misrepresentation and to ask the court to consider the Plaintiff's claim for attorney fees pursuant to the Tennessee Consumer Protection Act at a later date. Upon the request for attorney fees, discretionary costs, and interest the court determined that the Plaintiff was not entitled to attorney fees....

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. That the Plaintiff, Beverly Miller, recover from the Defendant, United Automax, the sum of ($899.50), as actual damages and the sum of ($3,000.00) as punitive damages, for an aggregate judgment of ($3,899.50).

2. That the Plaintiff has made its election of remedies and chosen to be awarded damages pursuant to Claim #1 for Misrepresentation.

3. That the Plaintiff's application for attorney fees pursuant to the Tennessee Consumer Protection Act is denied.

On May 7, 2003, Appellants filed "Plaintiffs' Motion to Reconsider, Alter and/or Amend Final Judgment as to the Award of Attorney Fees," along with a Memorandum of Law in support thereof. The Motion states that:

[Plaintiffs] are entitled to an award of attorney fees with an election of punitive damages in lieu of a claim for treble damages. In the alternative, if the Plaintiffs are not entitled to an award of attorney fees with an election of punitive damages in lieu of a claim for treble damages then the Plaintiff[s] move to amend the Plaintiffs' election.

Automax responded to Appellants' Motion and filed a Memorandum in support of its position. A hearing was held on May 23, 2003. Following the hearing, the trial court denied Appellants' Motion by Order of May 28, 2003.

Miller and Meyer appeal and raise two issues for review as stated in their brief:

I. Whether the trial court erred in not awarding Appellants attorney fees with an election of punitive damages in lieu of a claim for treble damages.

II. In the alternative, whether the trial court erred in refusing to allow the Appellants to amend their election if they are not entitled to an award of attorney fees with an election of punitive damages in lieu of a claim for treble damages.

Automax raises one additional issue as stated in its brief:

The trial court erred when it allowed Appellant to use a transcript from the trial of the lower court, General Sessions, when Appellee paid for the court reporter and Appellant did not share the expense of the court reporter.

Election of Remedies

The trial court's determination that Appellants were not entitled to an award of attorney fees after electing punitive damages under the misrepresentation claim in lieu of treble damages under the Consumer Protection Act claim is a question of law. As such, our review of the trial

court's order is *de novo* upon the record with no presumption of correctness accompanying the trial court's conclusions of law.  *See* Tenn. R. App. P. 13(d); *Waldon v. Delffs*, 988 S.W.2d 182, 184 (Tenn. Ct. App. 1998); *Sims v. Stewart*, 973 S.W.2d 597, 599-600 (Tenn. Ct. App. 1998).

The jury in this case found for Appellants on both the misrepresentation claim and the Consumer Protection Act claim.  The crux of Appellants' first issue, therefore, is whether Appellants were required to make an election of remedies under the facts of this case.  The doctrine of election of remedies prevents plaintiffs from seeking inconsistent remedies.  *See Wimley v. Rudolph*, 931 S.W.2d 513, 515 (Tenn. 1996).  In short, its purpose is to prevent double recoveries.  *See Forbes v. Wilson County Emergency Dist. 911 Bd.*, 966 S.W.2d 417, 421 (Tenn. 1998); *Purcell Enters., Inc. v. State*, 631 S.W.2d 401, 409 (Tenn. Ct. App. 1981).

In the instant case, Appellants' alleged both common law and statutory misrepresentation.  In *Concrete Spaces, Inc., et al. V. Henry Sender, et al.*, 2 S.W.3d 901 (Tenn. 1999), our Supreme Court considered the coexistence of a common law action for breach of contract, punitive damages under *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992), and the statutory remedy available under the Tennessee Consumer Protection Act same being "treble" or "multiple" damages:

> The doctrine of election of remedies is implicated when two inconsistent and irreconcilable remedies are available to the plaintiff to redress a single wrongful act. *See Barger v. Webb*, 216 Tenn. 275, 391 S.W.2d 664, 667 (1965); *Allied Sound, Inc. v. Neely*, 909 S.W.2d 815, 822 (Tenn.App.1995). The purpose of the doctrine is to prevent double redress for a single wrong, *see Barger*, 391 S.W.2d at 667; *Barnes v. Walker*, 191 Tenn. 364, 368, 234 S.W.2d 648, 650 (1950), and it requires the plaintiff in such a scenario to choose one theory of recovery under which to proceed. *See Forbes v. Wilson County Emergency Dist. 911 Bd.*, 966 S.W.2d 417, 421 (Tenn.1998).
>
> At first glance there appears to be some discord between the doctrine of election of remedies and Tenn. R. Civ. P. 8.01, which grants a plaintiff wide latitude in pleading alternative claims for relief and pursuing an array of theories of recovery in a single action. A common example of this friction occurs when a plaintiff seeks multiple damages under an available statutory remedy as well as punitive damages pursuant to a common law claim. While this type of alternative pleading is available under Tenn. R. Civ. P. 8.01, double recovery may occur if the jury decides that the plaintiff is entitled to both punitive damages and multiple damages.
>
> Almost every jurisdiction addressing this question has concluded that recovery of both multiple statutory damages and punitive damages constitutes an impermissible double recovery because the two forms of enhanced damages serve the same functions. The purpose of punitive damages is not to compensate the

plaintiff but to punish the wrongdoer and to deter others from committing similar wrongs in the future. *See Coffey v. Fayette Tubular Prod.*, 929 S.W.2d 326, 328 (Tenn.1996); *Hodges*, 833 S.W.2d at 900. Several Tennessee statutory schemes achieve the same objectives of punishment and deterrence through multiple damage provisions, which allow for compensatory damages to be trebled if the defendant's conduct rises to a specified level of culpability. Because multiple damages are punitive in nature and not intended to compensate for the plaintiff's injury, *see Smith Corona Corp. v. Pelikan, Inc*., 784 F.Supp. 452, 483 (M.D.Tenn.1992); *Lien v. Couch*, 993 S.W.2d 53, 58 (Tenn.App.1998), a plaintiff cannot recover both punitive damages and multiple damages in the same cause of action, even if they are each available, because receipt of both forms of enhanced damages violates the principle against double recovery. *See Edwards v. Travelers Ins. of Hartford, Conn*., 563 F.2d 105, 119-120 (6th Cir.1977); *Lorentz*, 834 S.W.2d at 320 (Tenn.App.1992).

*Concrete Spaces, Inc., et al. V. Sender , et al.*, 2 S.W.3d at 906 (Tenn. 1999) (footnotes omitted).

Since, as in this case, a plaintiff may simultaneously pursue a common law remedy, a statutory remedy seeking "multiple" damages and, as an enhancement to his or her common law action, "punitive" damages under *Hodges*, an election of remedies is necessary, at least as it relates to statutory "multiple" damages and "punitive" damages under *Hodges*. Since Appellants successfully asserted a cause of action under the Tennessee Consumer Protection Act as well as a punitive damages claim in the common law, Appellants were required to elect between the remedies. *See also Buddy Lee Attractions, Inc. v. William Morris Agency, Inc.*, 13 S.W.3d 343 (Tenn. Ct. App. 1999).

<u>Amendment of Damages Election</u>

Having found that Appellants were required to elect between remedies in this matter, we now address whether, after making such election, Appellants should have been allowed to amend. Tennessee cases hold that, once made, the choice of remedies becomes irrevocable, and the plaintiff is thereafter estopped from pursuing the remedy not chosen. *See Barnes v. Walker*, 234 S.W.2d 648, 650 (Tenn. 1950); *Allied Sound, Inc. v. Neely*, 909 S.W.2d 815, 822 (Tenn. Ct. App. 1995); *Hayes v. Civil Serv. Comm'n*, 907 S.W.2d 826, 828 (Tenn. Ct. App. 1995). However, as pointed out by this Court in *Davis v. Tennessee Department of Employment Security*, 23 S.W.3d 304 (Tenn. Ct. App. 1999):

...with the advent of the liberalized pleading rules, most courts will not invoke the doctrine [of election of remedies] unless (1) the

plaintiff has prosecuted the chosen remedy either to final judgment or a determinative conclusion, *see Gottschalk v. Simpson*, 422 N.W.2d 181, 185 (Iowa 1988); *Christensen v. Eggen*, 577 N.W.2d 221, 224 (Minn. 1998); *Alexander v. Link's Landing, Inc.*, 814 S.W.2d 614, 620-21 (Mo. Ct. App. 1991); *Family Bank of Commerce v. Nelson*, 72 Or.App. 739, 697 P.2d 216, 218 (Or. Ct. App. 1985), or (2) the defendant has materially changed its position based on the plaintiff's choice of remedy. *See Ripple v. Wold*, 549 N.W.2d at 675-76. Thus, most courts permit a party to change to an alternative remedy until judgment is entered or until the doctrines of res judicata or collateral estoppel apply. *See Smith v. Golden Eagle Ins. Co.*, 69 Cal.App.4th 1371, 82 Cal.Rptr.2d 300, 303 (1999).

Although the decisions are not without some doubt, the Tennessee Supreme Court appears to have recognized the controlling significance of a final judgment in an election of remedies analysis. The Court has held that the doctrine applies once the plaintiff obtains a judgment on one of its inconsistent claims, even if it is later unable to satisfy the judgment. *See Phillips v. Rooker*, 134 Tenn. 457, 465-66, 184 S.W. 12, 14 (1916). However, the Court has also noted that the doctrine does not apply when the plaintiff elects to pursue a remedy that is legally or factually unavailable. *See Montlake Coal Co. v. Chattanooga Co.*, 137 Tenn. 440, 444-45, 193 S.W. 1057, 1058 (1917); *Grizzard v. Fite*, 137 Tenn. 103, 108, 191 S.W. 969, 970 (1917), *rev'd on other grounds*, *Barnes v. Walker*, 191 Tenn. 364, 372, 234 S.W.2d 648, 651 (1950).

23 S.W.3d 304, 310. (footnotes omitted).

In the instant case, Appellants requested that they be allowed to change their remedies election at the April 25, 2003 hearing. As noted, *supra*, the judgment in this case was not entered until April 30, 2003. Under burgeoning law, had Appellants requested permission to amend their election after the final judgment had been entered, their request clearly should have been denied. However, because the request came before the judgment was entered, we find that the matter was within the discretion of the trial court.

_____The Tennessee Consumer Protection Act, T.C.A. §47-18-109(a) reads, in relevant part:

(3) If the court finds that the use or employment of the unfair or deceptive act or practice was a willful or knowing violation of this part, the court *may* award three (3) times the actual damages sustained...

***Id.*** (emphasis added).

Concerning the award of attorney fees, the Act, at T.C.A.§47-18-109(e)(1), states:

> (e)(1) Upon a finding by the court that a provision of this part has been violated, the court ***may*** award to the person bringing such action reasonable attorney's fees and costs.

***Id***. (emphasis added).

There is nothing in the Consumer Protection Act that mandates a trial court to award treble damages and/or attorney fees. In the instant case, the Appellants rescission of their common law remedies and election of remedies under the Consumer Protection Act may have resulted in less damages. Consequently, there is nothing in this record to indicate that the trial court's decision not to allow the Appellants to amend their election rendered an unfair result or was, in any way, an abuse of discretion.

## Use of Transcript

Appellants did not pay for the services of the court reporter in the General Sessions trial. Following that trial, Appellants' expert died and, as noted *supra*, they filed a motion requesting that the expert's testimony be admitted on the transcript. Over Appellee's objection to the use of the transcript, the trial court granted the motion. Appellee now contends that that ruling was in error. We disagree.

Appellee relies upon this Court's opinion in ***In Re: Estate of Ruby Lee Nichols***, 1992 WL 9436 (Tenn. Ct. App. 1992), *rev'd on other grounds* ***In Re: Estate of Nichols***, 856 S.W.2d 397 (Tenn. 1993) in which we stated:

> Before trial Appellant did not obtain a stenographer or offer to share with Appellee in the expense of the stenographer Appellee had engaged. Only after losing in the trial court and desiring to appeal did Appellant offered to pay. The appellate rules do not require that a party who has assumed the burden of providing a reporter at trial make available that reporter's work for a party who did not join in providing the reporter. Absent unusual circumstances the rules do not contemplate permitting a party to see how his case comes out before deciding whether to share in the reporter cost. If he takes this course he runs the risk of not having a verbatim record available.

***Id***. at *1.

The gravamen of the language is that a party who does not share in the per diem expense of a court reporter runs the risk of not having a verbatim record available. The risk of unavailability stems from the contractual relationship created between the reporter and the payee, as described by this Court in ***Beef N' Bird of America, Inc. v. Galbreath***, 803 S.W.2d 234 (Tenn. Ct. App. 1990):

> In civil cases, this Court notes judicially the practice of parties to engage and pay a stenographer a "per diem" to attend and record the evidence and proceedings. If only one party engages and pays the stenographer, it appears that the verbatim record of evidence and proceedings would be available to that party by contract. If more than one party jointly engage and pay the stenographer, it would appear that the verbatim record would be available to any one of the participating parties by contract. Inability of a participating party to pay for the transcription ***might*** make it unavailable to him.
> A party who does not join in the engagement and payment of a stenographer has no contract right to require the stenographer to transcribe the record which is therefore unavailable to him unless and until made available to him on terms satisfactory to the stenographer and the party or parties who engaged the stenographer.

***Id.*** at 240. (emphasis added).

It is uncontested that Appellants made arrangements with the court reporter to purchase a copy of the transcript. After procuring the copy, Appellants sought its admission in the trial court. Automax contends that Appellants did not "make satisfactory arrangements" with Automax in obtaining the transcript. While it is true that Appellants did not seek Automax's permission, they were able to buy a transcript from the reporter. Any contractual obligations concerning the transcript arise from the terms of any agreement between Automax and the reporter it hired. Consequently, if Automax disagrees with the court reporter's actions in selling the Appellants a copy of the transcript, that is a dispute between Automax and the court reporter.

For the foregoing reasons, we affirm the Order of the trial court. Costs of this appeal are assessed to the Appellants, Beverley Miller and Cassandra Meyer, and their respective sureties.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.

-10-